48 F.3d 1224
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Shirley L. RUDD, as Conservator for Larry Neal Rudd;
Shirley L. Rudd, Individually; Shirley L. Rudd, as next
friend of Christopher Rudd and Nathaniel Rudd, Minors; and
Shirley L. Rudd, as Administrator of the Estate of Rachel
Rudd, Appellants,
v.
BLOOMFIELD FOUNDRY, INC.; Employee Group Services, Ltd.;
Certain Underwriters at Lloyd's London Subscribing
to Certificate Number CXX42692; and
Unionamerica Insurance
Company, Ltd., Appellees.
 No. 94-2904SI.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Jan. 13, 1995.
Filed: Feb. 14, 1995.
 
 Before RICHARD S. ARNOLD, Chief Judge, ROSS, Senior Circuit Judge, and MURPHY, Circuit Judge.
 PER CURIAM.
 
 
 1
 Shirley L. Rudd, acting as conservator for Larry Neal Rudd, appeals the District Court's[1] interpretation of subrogation rights under an ERISA welfare benefit plan. We affirm.
 
 
 2
 On January 1, 1993, Larry Rudd, his wife Shirley, and their three children were involved in a two-car collision accident. One of the children died, and Mr. Rudd was seriously injured.[2] At the time of the accident Mr. Rudd worked for Bloomfield Foundry, Inc., and was a covered person under the "Bloomfield Foundry, Inc. Employees Health Plan," an ERISA plan. The plan was a self-funded employee benefit plan established in 1983; it has a stop-loss insurance contract with Defendant Lloyd's of London. If an individual's claims exceed $20,000, or if the claims exceed an aggregate excess loss limit, Lloyd's must reimburse Bloomfield Foundry. Defendant Unionamerica Insurance Company reinsures Lloyd's.
 
 
 3
 Mr. Rudd has received or will receive $175,000 compensation from third parties for injuries sustained in the accident. The Bloomfield Plan has paid $112,188.86 to or on behalf of Mr. Rudd for medical and other services covered by the Plan. The record shows that Mr. Rudd has received $287,188.86 compensation for his injuries. This amount does not exceed the amount of damages he sustained in the collision.
 
 
 4
 The defendants pursued this declaratory-judgment action, asserting that they had subrogation rights to the $175,000 that Mr. Rudd had received, and moved to recover the amount they had paid on Mr. Rudd's behalf.
 
 The original Plan states:
 
 5
 Subrogation-In the event of any payment for services under this Plan, the Plan shall, to
 
 
 6
 the extent of such payment, be subrogated to all the rights of recovery of the covered person arising out of any claim or cause of action which may occur because of the alleged negligent conduct of a third party. Any such covered person hereby agrees to reimburse the Plan for any benefits so paid hereunder, out of monies recovered from such third party as the result of judgment, settlement or otherwise;....
 
 
 7
 The Plan also reserved the right of the administrator to amend any provision of the Plan so long as the administrator provided the covered employees with written notice of the change thirty days before the amendment went into effect.
 
 
 8
 In 1984 defendants revised the plan documents and in the process, due to a clerical error, omitted the subrogation clause. The Plan administrator did not notify the Plan participants of the change in the subrogation provisions, and Bloomfield Foundry did not know or approve of the omission.
 
 
 9
 Rudd asserts that the 1984 omission amended the Plan, hence removing all of the Plan Administrator's rights of subrogation. We do not agree and affirm on the basis of the District Court opinion.
 
 
 10
 The plain language of the subrogation provision in the original ERISA plan was never effectively changed, both because no party intended to change it, and because the alleged amendment did not comply with the Plan's requirements or with ERISA. Therefore, the 1983 unamended language of the Plan's subrogation clause determines the rights of the parties and gives the defendants the contractual right to assert their subrogation claims against all recoveries Mr. Rudd has received.
 
 
 11
 Affirmed.
 
 
 
 [1]
 The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa
 
 
 [2]
 The rights of the children and Mrs. Rudd are not directly affected by this appeal and will not be discussed